**ZHENSHUI DUAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–72233.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 5, 2012.

Zhenshui Duan, Rosemead, CA, pro se.

Jeffery R. Leist, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Zhenshui Duan, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing ad-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

verse credibility determinations created by the REAL ID Act, *Shrestha v. Holder,* 590 F.3d 1034, 1039 (9th Cir.2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on Duan's evasive, inconsistent account of his knowledge of illicit activities; his inconsistent account of reporting a beating; his inability to provide a consistent, coherent explanation of the hotel's finances and his ability to make payments; and the agency's negative assessment of his demeanor. *See.id.* at 1045–48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of circumstances"); *Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) (special deference given to credibility determinations that are based on demeanor). In the absence of credible testimony, Duan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Duan's CAT claim is based on the same testimony found to be not credible, and he does not point to any evidence that shows it is more likely than not that he will be tortured if returned to China, his CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.